

**Superior Court of the District of Columbia**
CIVIL DIVISION
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

Xingru Lin
───────────────────────
Plaintiff

vs.

Case Number __2016 CA 001866 B__

District of Columbia Serve on Mr. Karl Racing, Esq.
───────────────────────
Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

B. Marian Chou
─────────────────────
Name of Plaintiff's Attorney

717 D Street NW #415
─────────────────────
Address
Washington, D.C. 20004

202-789-1186  202-783-2794
─────────────────────
Telephone

*Clerk of the Court*

By ─────────────────────
Deputy Clerk

Date __03/16/2016__

如需翻译,请打电话 (202) 879-4828       Veuillez appeler au (202) 879-4828 pour une traduction       Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요.       ያማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ


**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011
CASUM.doc



**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

___Xingru Lin_____
Demandante

contra

Número de Caso: _____

___District of Columbia c/o K. Racin, Esq___
Demandado

## CITATORIO

Al susodicho Demandado:

    Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

    A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*SECRETARIO DEL TRIBUNAL*

Nombre del abogado del Demandante
_____

Por: _____
Subsecretario

Dirección
_____
_____

Fecha _____

Teléfono
如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오    ኣማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANTE:** SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

    Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

__Xingru Lin__          Case Number: __2016 CA 001866 B__

vs                       Date: __03/11/2016__

__District of Columbia, et al.__

[X] One of the defendants is being sued in their official capacity.

| Name: (Please Print) Bwo Marian Chou | Relationship to Lawsuit |
|---|---|
| Firm Name: B. Marian Chou, Esq. | [X] Attorney for Plaintiff |
| Telephone No.: 202-783-2794   Six digit Unified Bar No.: 433279 | [ ] Self (Pro Se) <br> [ ] Other: |

TYPE OF CASE:  [ ] Non-Jury    [X] 6 Person Jury    [ ] 12 Person Jury
Demand: $ __7,000,000.00__      Other: ___

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: ____   Judge: ____   Calendar #: ____

Case No.: ____   Judge: ____   Calendar #: ____

---

**NATURE OF SUIT:** (Check One Box Only)

**A. CONTRACTS**                                **COLLECTION CASES**

- [ ] 01 Breach of Contract
- [ ] 02 Breach of Warranty
- [ ] 06 Negotiable Instrument
- [ ] 07 Personal Property
- [ ] 13 Employment Discrimination
- [ ] 15 Special Education Fees

- [ ] 14 Under $25,000 Pltf. Grants Consent
- [ ] 17 OVER $25,000 Pltf. Grants Consent
- [ ] 27 Insurance/Subrogation Over $25,000 Pltf. Grants Consent
- [ ] 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- [ ] 28 Motion to Confirm Arbitration Award (Collection Cases Only)

- [ ] 16 Under $25,000 Consent Denied
- [ ] 18 OVER $25,000 Consent Denied
- [ ] 26 Insurance/Subrogation Over $25,000 Consent Denied
- [ ] 34 Insurance/Subrogation Under $25,000 Consent Denied

**B. PROPERTY TORTS**

- [ ] 01 Automobile
- [ ] 02 Conversion
- [ ] 07 Shoplifting, D.C. Code § 27-102 (a)
- [ ] 03 Destruction of Private Property
- [ ] 04 Property Damage
- [ ] 05 Trespass

**C. PERSONAL TORTS**

- [ ] 01 Abuse of Process
- [ ] 02 Alienation of Affection
- [ ] 03 Assault and Battery
- [ ] 04 Automobile- Personal Injury
- [ ] 05 Deceit (Misrepresentation)
- [ ] 06 False Accusation
- [X] 07 False Arrest
- [ ] 08 Fraud

- [ ] 10 Invasion of Privacy
- [ ] 11 Libel and Slander
- [ ] 12 Malicious Interference
- [ ] 13 Malicious Prosecution
- [ ] 14 Malpractice Legal
- [ ] 15 Malpractice Medical (Including Wrongful Death)
- [ ] 16 Negligence- (Not Automobile, Not Malpractice)

- [ ] 17 Personal Injury- (Not Automobile, Not Malpractice)
- [ ] 18 Wrongful Death (Not Malpractice)
- [ ] 19 Wrongful Eviction
- [ ] 20 Friendly Suit
- [ ] 21 Asbestos
- [ ] 22 Toxic/Mass Torts
- [ ] 23 Tobacco
- [ ] 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

# Information Sheet, Continued

**C. OTHERS**
- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 05 Ejectment
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 Traffic Adjudication
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 29 Merit Personnel Act (OHR)
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**
- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment/Domestic
- ☐ 08 Foreign Judgment/International
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-151 9 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 26 Petition for Civil Asset Forfeiture (Vehicle)
- ☐ 27 Petition for Civil Asset Forfeiture (Currency)
- ☐ 28 Petition for Civil Asset Forfeiture (Other)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a)(1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

**D. REAL PROPERTY**
- ☐ 09 Real Property-Real Estate
- ☐ 12 Specific Performance
- ☐ 04 Condemnation (Eminent Domain)
- ☐ 10 Mortgage Foreclosure/Judicial Sale
- ☐ 11 Petition for Civil Asset Forfeiture (RP)
- ☐ 08 Quiet Title
- ☐ 25 Liens: Tax / Water Consent Granted
- ☐ 30 Liens: Tax / Water Consent Denied
- ☐ 31 Tax Lien Bid Off Certificate Consent Granted

_B. Marian Chou_  
Attorney's Signature

03/11/2016  
Date

CV-496/ June 2015



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

XINGRU LIN
Vs.
DISTRICT OF COLUMBIA

C.A. No.   2016 CA 001866 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge STEVEN M WELLNER
Date:  March 16, 2016
Initial Conference: 9:30 am, Friday, June 10, 2016
Location:  Courtroom B-52
           510 4th Street, NW

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

D.C. Superior Court
03/15/2016 15:32PM
Clerk of the Court

## DISTRICT OF COLUMBIA SUPERIOR COURT
## CIVIL DIVISION

| | | |
|---|---|---|
| Ms. Xingru Lin<br>200 K St., N.W., #516<br>Washington, D.C., 20001 | * * * * | Case # 2016 CA 001866 B |
| Plaintiff | * * | |
| vs. | * * | Judge: |
| District of Columbia<br>Serve on<br>Mr. Karl Racing, Esq.<br>D. C. Attorney General<br>441 4th St., N.W., #600 S.<br>Washington, D.C., 20001 | * * * * * * | |
| and | * * | |
| and Officer X, Y. Z.<br>(To be identified later) | * * * * | |
| Defendants | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### COMPLAINT

**VIOLATION OF CONSTITUTIONAL RIGHTS; PERSONAL INJURY; GROSS NEGLIGENCE, NEGLIGENCE, FALSE ARREST AND IMPRISONMENT; INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS; NEGLIGENT SUPERVISION, TRAINING AND MAINTENANCE OF PERSONNEL**

### Statement of Facts

Comes now, the Plaintiff, Xingru Lin, by and through her attorney, B. Marian Chou, sues the District of Columbia and all the other defendants. In support of this Complaint, Plaintiff states as follows:

1. In this action, Plaintiff, Ms. Xingru Lin, an adult resident of the District of

1

Columbia, at the time of the incident sues to recover for physical and emotional injuries suffer as the result of actions by individual defendants, taken individually and in their official capacities as officers and officials of the Metropolitan Police Department (MPD), which action, constituted assault, battery, false arrest and imprisonment, intentional infliction of emotional distress, violation and denial of the United States Constitution and the Civil Rights Act. This action stems from Defendants' unlawful arrest and imprisonment, excessive force to arrest, abuse of process, and assault and battery upon the Plaintiff, Ms. Xingru Lin on February 15, 2016.

2. Jurisdiction is conferred upon the Court by 42 U.S.C. §1983, resulting from deprivations, under color of law, of Plaintiffs rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the U.S. Constitution and for torturous behavior of Defendants.

3. Plaintiff is a Chinese decedent and a D.C. resident for years. She is merely 5'4" and about 125 lbs.

4. The incident occurred in Chinatown at in 513 H Street, N.W., Washington, D.C., basement office.

5. Defendant, District of Columbia, is a municipal corporation which through title Mayor and/or the D.C. Financial Responsibility and/or Management Assistance Authority and/or the Chief Management Officer of the District of Columbia maintains the Metropolitan Police Department as an agency of government, is charged and responsible for appointing and promoting the members for the MPD and for the supervision, training, instruction, discipline, control, and conduct of the MPD and its personnel.

6. D.C. M.P.D. Chinatown sub-station was closed for years; there was no

Chinese-speaking officer around at the time that the incident occurred.

7. At all times relevant, Defendant, District of Columbia had the power, right and duty to control the manner in which the individual Defendants carried out the objectives of their employment and to see that all orders, rule, instructions and regulations promulgated for the District of Columbia Police Department were consistent with the Constitution and the laws of the District of Columbia. Plaintiffs have complied with the notice requirements of D.C. Code § 12-309.

8. On February 15, 2016, Plaintiff tried to take a photo of that woman because she tried to sneak on the bus without pay numerous times. The woman cussed the Plaintiff with vulgar languages. That female saw Plaintiff was trying to take her photo, she started to chase Plaintiff and tried to grab Plaintiff's cell phone.

9. Plaintiff tried to retreat to her office. While Plaintiff was making a phone call to report the above incident to MPD of what has happened between her and one disgruntled female aggressor.

10. Without probable cause, Plaintiff was placed in handcuffs by at least three D.C. M.P.D. male officers.

11. Without any explanations or reading any *Miranda rights* to Plaintiff, three male officers pushed Plaintiff against the officer wall first, step on her back and holding her arms in the process of hand-cuffing Plaintiff. Then, they threw her onto a chair in the office.

12. At all times, the officers never explained in Chinese and/or questioned why and how before they used force to arrest Plaintiff.

13. There were other onlookers at the same room, including her husband.

14. The main arresting officer who is a tall officer, inserted a card into Plaintiff's pocket, few seconds later, without consent, he took it out of Plaintiff's pocket, pointed to his card to Plaintiff, taunting Plaintiff, and inserted back to her left pocket. Plaintiff could not find the card afterwards.

15. Finally, the Chinese-speaking officer arrived at the scene and acting as interpreter only, not as an officer. Nevertheless, the Chinese officer arrived the police station after Plaintiff arrived for more than one hour. Chinese officer was taking statements for her husband and Plaintiff and translated into English. Plaintiff could not and would not be able to verify what Chinese officer has written on the statement. She just signed the statement after Officer finished the statement. Plaintiff's husband also signed off some statement that Chinese officer has interviewed and written/translated into English. Both Plaintiff and her husband did not know Chinese very well nor read English at all. They signed the statement under the impression that the Chinese officer "was helping" them. They did not have any copy of what they have signed. No copy has been offered to them up to today.

16. Even after the officers viewed the close-circuit video tapes, knowing that Plaintiff is not the aggressor, they decided to "book" her because Plaintiff told the Chinese officer that she was going to sue the officers. Plaintiff was sent to the police station because she wanted to exercise her legal rights.

17. After Plaintiff arrived at the police station, substation 1D, Plaintiff complained about her bodies and potential injury. She complained to another officer that she hurts. He told Plaintiff to wait and they would send her to hospital.

18. Without female officers to escort the Plaintiff to the hospital, two male

4

officers took her to the hospital. There is no Chinese interpreter requested by officers at all. Hospital provided phone translator to inquire about Plaintiff's injuries.

19. With handcuff attached to the hospital bed, one officer just sat there to observe the EKG and all the medical procedure. Plaintiff felt extreme embarrassment when the male officer just sat there in plain view and could observe the whole medical procedure.

## COUNT I.

## PERSONAL INJURY AGAINST ALL DEFENDANTS

20. Count 1 of this Complaint adopts and incorporates by reference all allegations set forth above.

19. At all times and places mentioned, in this complaint, Defendants, police officers, were appointed police officers, acting as agents, servants and/or employees of the Defendant, District of Columbia.

21. On or about February 15, 2016, Defendants, while acting in their capacity as police officers for the District of Columbia, approached Plaintiff, assaulted and battered Plaintiff without any justification. At the time of the attack, Plaintiff was unarmed and not the physical equal of all Defendants.

22. As a direct and proximate result of the attack, Plaintiff sustained body injuries during the arrest.

23. As a further direct and proximate result of the attack, by Defendants, Plaintiff suffered severe physical pain and mental suffering, and will continue to suffer mental anguish in the future.

24. That at the time the acts occurred, Defendants did not have Plaintiffs

5

Case 1:16-cv-00645   Document 1-1   Filed 04/05/16   Page 12 of 19


permission, either expressed or implied to assault her.

Wherefore, Plaintiff, Ms. Xingru Lin, demand judgment against all Defendants, and the District of Columbia, jointly and severally in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million dollars ($1,000,000.00) in punitive damages, the reasonable cost of her attorney's fees, all related costs of this action and such other and further relief as this Court may deem just and proper.

## COUNT II

### False Arrest and Imprisonment

25. Count II of this Complaint adopts and incorporates by reference all allegations set forth above.

26. At all times and places mentioned, in this complaint, Defendants Officers X, Y, and Z were acting as a police officers, agents, servants and/or employees of the Defendant, District of Columbia.

27. On or about February 15, 2016, Plaintiff was arrested without probable cause. After arresting plaintiff, there were more than five officers surrounded Plaintiff without one Chinese-speaking officer.

28. After the Chinese officer arrived and acted as a "interpreter", the supervising officer went to the Plaintiff's office to view the close-circuit video taping.

29. What Plaintiff understood through the interpreting officer, Plaintiff was correct and the third party was the initial aggressor.

30. Plaintiff asserted her constitutional right to tell the officers that she would sue them.

31. Instead of releasing Plaintiff on the spot, the officers decided to trump up the

6

charges and add "APO" three times on her and put Plaintiff in paddy wagon.

32. As a direct and proximate result of the torturous conduct of officers, Plaintiff suffered false arrest and imprisonment.

Wherefore, Plaintiff demands judgment against individual Defendant, District of Columbia in the amount of One million dollars ($1,000,000.00) in compensatory damages and One Million ($1,000,000.00) dollars in punitive damages, the reasonable costs of her attorney's fees, all related costs of this action and such other and further relief as this Court may deem just and proper.

## COUNT III

### Intentional Infliction of Emotional Distress

33. Count III of this complaint adopts and incorporates by reference all allegations set forth above.

34. Officers intentionally and maliciously caused Plaintiff emotional and physical distress by their extreme and outrageous conduct as described both above and below.

35. As a direct and proximate result of the torturous conduct, Plaintiff suffered severe emotional and physical distress. She even could not hold her job due to this incident. She has tremendous fears whenever she sees police officer nearby and she is scared to go out at night by herself. This impedes her ability to work.

Wherefore. Plaintiff demands judgment against Defendants, and the District of Columbia, jointly and severally in the amount of One Million ($1,000,000.00) dollars in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, the reasonable cost of her attorney's fees, all related costs of this action and such other and further relief as this Court may deem just and proper.

## COUNT IV

### Negligence

36. Count IV of this complaint adopts incorporates by reference all allegations set forth above.

37. The officers involved had a duty to perform their tasks as police officers for the Defendant, District of Columbia, in accordance with the standard of care for police officers acting in the same or similar circumstances.

38. The conduct of the officers, which form the basis for this cause of action was negligent and/or grossly negligent in that they breached the applicable standard of care for police officers.

(i) Used improper motives to effectuate said arrest; They used APO (Assault Police Officer) as the reason to book Plaintiff;

(ii) Assaulted Plaintiff by using excessive force;

(iii) Falsely arrested and imprisoned Plaintiff; namely, booked her and detained her overnight even if they know that they were wrong from the beginning;

(iv) Otherwise failed to conduct themselves in accordance with established policies, procedures and orders as required by the applicable standard of care.

As a direct and proximate result of the torturous conduct of the officers as agents, servants and/or employees of Defendant District of Columbia. Plaintiff suffered the injuries and damages more particularly described above.

Wherefore, Plaintiff demands judgment against the Defendants, jointly and severally in the amount of One Million Dollars ($1,000,000) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, the reasonable amount of

8

her attorney's fees, all related costs of this action and such other and further relief as this Court may deem just and proper.

## COUNT V

### District of Columbia: Gross Negligence, Negligence

39. Count V of this complaint adopts and incorporates by reference all allegations set forth above.

40. Defendant District of Columbia had a duty to provide instruction and training, and to supervise its police officers regarding the proper officers acting in the same or similar circumstances. This Defendant had a further duty to exercise due care in the hiring process of its police officers. One element of this duty was to assure that 'the officers were psychological and emotionally capable of performing, the duties required of them as police officers so as to reasonably assure that its police officers would act in accordance with the standard of care.

41. Defendant District of Columbia, was negligent and/or grossly negligent in that said Defendant, by and through its agents, servants and/or employees;

(i) Breached the applicable standard of care; including but not limited to provide proper translation/interpretation when requested by Plaintiff.

(ii) Failed to provide proper instructions and training to and/or supervision of its police officers performance in circumstances similar to those described by Plaintiff.

42. As a direct and proximate result of the torturous conduct of Officers X, Y. and Z, acting as the agents, servants and/or employees of Defendant District of Columbia, Plaintiff suffered the injuries and damages more particularly described above.

9

**Wherefore,** Plaintiff demands judgment against Defendant, jointly and severally in the amount of One Million Dollars ($ 1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, the reasonable amount of her attorney's fees, all related costs of this action and such other and further relief as this Court may deem just and proper.

## COUNT VI

### District of Columbia: Negligent Supervision, Training, and Maintenance or Personnel

43. Count VI of this Complaint adopts and incorporates by reference all allegations set forth above.

44. Defendant District of Columbia, through its agency, Metropolitan Police Department (MPD), owed Plaintiff the duty to use reasonable care in the supervision, training and maintenance of personnel of the Metropolitan Police Department. That duty includes, but is not limited to, the training and education of police members in connection with Federal Constitutional and District of Columbia laws and regulations; and adequate supervision, control, evaluation, and corrective action in connection with police personnel.

45. By the foregoing actions of the individual Defendants, Defendant District of Columbia breached its duty to use reasonable care in the supervision, training and maintenance of its personnel.

46. Defendant District of Columbia negligently caused the above described injuries to Plaintiff by failing to properly train, supervise and control the conduct of said Defendants.

Case 1:16-cv-00645 Document 1-1 Filed 04/05/16 Page 17 of 19

47. Defendant District of Columbia, as the employer of Defendants Charles Monk, Nichole Ha and Chinchilla Spears, is liable under the doctrine of respondent superior for the torturous conduct of the individual Defendants.

48. Defendant District of Columbia, through its agency, Metropolitan Police Department (MPD), owed Plaintiff the duty to use reasonable care in the supervision, training and maintenance of personnel of the Metropolitan Police Department. That duty includes, but is not limited to, the training and education of police members in connection with Federal Constitutional and District of Columbia laws and regulations; and adequate supervision, control, evaluation, and corrective action in connection with police personnel.

49. By the foregoing actions of the Defendant, its duty to use reasonable care in the supervision, training and maintenance of its personnel.

50. Defendant is liable under the doctrine of respondent superior for the torturous conduct of the individual Defendants.

Wherefore, Plaintiff demands judgment against Defendant, District of Columbia severally in the amount of One Million ($ 1,000,000.00) dollars in compensatory damages and One Million ($ 1,000,000.00) dollars in punitive damages, the reasonable cost of her attorney's fees, all related costs of this action and such other and feathery relief as this Court may deem just and proper.

## COUNT VII

### Violation of Civil Rights: 42 U.S.C. 1983

51. Count VII of this Complaint adopts and incorporates by reference all allegations set forth above.

52. The conduct of the Defendant as agent, servants and/or employees of Defendant District of Columbia occurred under the color of law, including existing statutes, ordinances, regulations, customs and policies of the District of Columbia and the United States of America.

53. The acts of Defendants as agents, servants and/or employees of Defendant District of Columbia complained of therein, operated to deprive Plaintiff, Xingru Lin of her rights, privileges and immunities under the U.S. Constitution, Laws and Statutes of the United States.

54. Specifically, Plaintiff was subjected to an unlawful arrest, and falsely imprisoned and was subjected to excessive and unreasonable use of physical force, deprivation of her right to be secure in her person and was deprived of her rights to be free of punishment and/or other deprivation of liberty without due process of law, to the equal protection under the law as guaranteed by the Fourth and Fifth Amendments; was subject to excess and outrageous emotional trauma, to a criminal prosecution that was not designed nor intended to bring, an offender to justice by he Defendant District of Columbia, and in other ways.

Wherefore, Plaintiff demands judgment against Defendants, District of Columbia jointly and severally in the amount of One Million Dollars ($1,000,000.00) in compensatory damages and One Million Dollars ($1,000,000.00) in punitive damages, the reasonable cost of her attorney fees, all related costs of this action and such other and further relief as this Court may deem just and proper.

## REQUEST FOR JURY TRIAL

Wherefore, Plaintiff hereby demands a jury of six (6) on all matters.

## DECLARATION BY PLAINTIFF

I, Xingru Lin, hereby declare that the above statements, reviewed and explained to me in Chinese are true and correct.

_Xing Ru Lin_ -
Signature of Plaintiff

Respectfully submitted,

B. Marian Chou, Esq. (#433279)
Attorney for Plaintiff Chen
800 7th St. N.W., #201
Washington, D.C., 20001
202-783-2794; 898-1992
bmchou@mindspring.com