UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XINGRU LIN,<br>    Plaintiff<br>    v.<br>DISTRICT OF COLUMBIA, *et al.*,<br>    Defendants | Civil Action No. 16-645 (CKK) |

ORDER
(October 19, 2016)

Currently pending before the Court is Plaintiff's [13] Motion for Leave to File Amended/Supplemental Complaint ("Pl.'s Mot."). Plaintiff seeks leave to amend and supplement her Complaint to add allegations concerning one incident that occurred before her lawsuit was initiated and two incidents that occurred afterward. Pl.'s Mot. at 2-3. Plaintiff argues that "[f]or the sake of judicial economy, it makes sense to consolidate all the incidents into one case, instead of two different cases." *Id*. at 3. Defendant District of Columbia opposes Plaintiff's Motion on the grounds that the new incidents are "distinct and unrelated," both to the incident alleged in Plaintiff's original Complaint, and to each other. Def.'s Opp'n to Pl.'s Mot., ECF No. 14, at 2. For the reasons set forth below, the Court will GRANT Plaintiff's Motion.

Because Plaintiff seeks to add allegations regarding events that occurred both before and after the filing of her Complaint, the Court construes Plaintiff's Motion as seeking to both amend and supplement her Complaint pursuant to Federal Rules of Civil Procedure 15(a) and 15(d). *See Hall v. C.I.A.*, 437 F.3d 94, 100 (D.C. Cir. 2006) (new allegations relating to matters that occurred prior to the filing of the original pleading constitute amendments, whereas new allegations relating to matters that occurred after filing constitute supplements). Regardless, "[m]otions to amend under Rule 15(a) and motions to supplement under Rule 15(d) are subject

1

to the same standard." *Wildearth Guardians v. Kempthorne*, 592 F. Supp. 2d 18, 23 (D.D.C. 2008).  Under either, the decision "is within the discretion of the district court, but leave 'should be freely given unless there is a good reason, such as futility, to the contrary.'"  *Id*. (quoting *Willoughby v. Potomac Elec. Power Co.,* 100 F.3d 999, 1003 (D.C. Cir. 1996) (internal citations omitted)).

Defendant does not argue that Plaintiff's proposed amendments or supplements would be futile.  *See Buaiz v. United States*, No. CIV.A.06 1312 RMC, 2007 WL 666468, at *1 (D.D.C. Mar. 5, 2007) ("Although leave [to supplement pleading] should be freely granted, leave should be denied when the new claim proposed in the supplemental pleading is futile.").  Moreover, Defendant does not argue that the case will be delayed or that it will suffer any prejudice if Plaintiff is granted leave to amend and supplement.  *See Hall*, 437 F.3d at 101 ("Delay and prejudice are precisely the matters to be addressed in considering whether to grant motions for supplemental pleadings").[1]  This case is in its very early stages and discovery has not yet begun.

Defendant's sole argument in opposition to Plaintiff's Motion relates to the degree of factual connection between the newly alleged incidents and Plaintiff's original pleading.  Although Defendant is correct that the facts alleged in a supplemental pleading should "connect" to the original pleading, *Aftergood v. C.I.A.*, 225 F. Supp. 2d 27, 30 (D.D.C. 2002) (quoting *Quaratino v. Tiffany & Co.,* 71 F.3d 58, 66 (2d Cir. 1995)), the Court finds that there is a sufficient degree of connection in this particular case.  Plaintiff alleged in her original Complaint that she is of Chinese descent and works at a bus company in Chinatown.  Compl., ECF No. 1-1 at ¶¶ 3-4.  In that Complaint, Plaintiff alleged that she was attacked by a would-be customer after

---

[1] Nor does the Court discern on its own how granting this Motion would prejudice Defendant.  If Plaintiff's Motion were denied, it seems likely that Plaintiff would simply file an additional Complaint containing these new allegations to which Defendant would also have to respond.

the customer repeatedly tried to board a bus without paying for a ticket. *Id*. at ¶ 8. Plaintiff called the police, but when they arrived, Plaintiff alleged that the police wrongfully took the side of the would-be-customer and arrested Plaintiff. *Id*. at ¶¶ 9-10. Plaintiff alleged that the police did not read Plaintiff her *Miranda* rights and used excessive force against her. *Id*. at ¶ 11. Plaintiff also alleged that the police acted pursuant to the "customs and policies" of the District of Columbia. *Id*. at ¶ 52. Woven throughout Plaintiff's original Complain is the allegation that her situation was mishandled because of Defendant's inability to promptly provide a Chinese speaking police officer to facilitate the interaction, in part because the D.C. Metropolitan Police Department ("MPD") Chinatown station had been closed for a number of years. *Id*. at ¶¶ 6, 12, 18.

Although relating to distinct incidents, the new allegations in Plaintiff's proposed Amended Complaint fall within the penumbra of this original Complaint. *See generally* Am. Compl., ECF No. 13 at 5-39. All of the alleged incidents occurred within a roughly five month period and share a number of similarities. Like the allegations in Plaintiff's original Complaint, each event described in Plaintiff's Amended Complaint took place when the police were called to the office of Plaintiff's bus company in Chinatown. Am. Compl. at ¶¶ 67, 85, 93. Plaintiff's complaint about each event relates to the MPD's alleged inattention to Chinatown, or its failure to provide a Chinese-speaking officer to facilitate interactions with Plaintiff. *Id*. at ¶¶ 67, 72, 78, 84, 88, 95. With regard to each Plaintiff alleges that the police violated her rights in some way in the course of either wrongfully taking the side of a would-be-customer who had harmed Plaintiff, or refusing to investigate Plaintiff's claims that she had been harmed by some other third-party.

*Id*. at ¶¶ 70, 75, 86, 89-91, 104.[2]  Connecting these events, Plaintiff alleges that because she "has experienced all the four unfortunate incidents within six month[s]," Plaintiff "is extremely anxious whenever she sees an MPD officer" and "believes that she [does] not have any right in this country and [is] afraid to be arrested again."  *Id*. at ¶ 118.

Although this Order shall not be interpreted as indicating that Plaintiff may supplement her Complaint every time she has an additional interaction with the MPD, the Court finds that there is a sufficient degree of connection between Plaintiff's original pleading and these newly alleged events that granting Plaintiff's Motion is appropriate at this stage in the case.

Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File Amended/Supplemental Complaint is GRANTED.  It is further

**ORDERED** that Defendant's [7] Motion for Partial Dismissal of the Complaint is DENIED without prejudice.  It is further

**ORDERED** that Defendant shall respond to Plaintiff's Amended Complaint by no later than November 9, 2016.  If Defendant files a Motion to Dismiss Plaintiff's Amended Complaint, Plaintiff shall respond to Defendant's Motion by no later than November 23, 2016.  Defendant shall file a reply by no later than November 30, 2016.

                                                                /s/
                                            COLLEEN KOLLAR-KOTELLY
                                            United States District Judge

---

[2] Moreover, Plaintiff alleges that some of the police actions about which she complains in her Amended Complaint were taken in retaliation for Plaintiff's involvement in the incident described in her original Complaint.  Am. Compl. at ¶ 86.  This provides another factual connection between the pleadings.