**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| XINGRU LIN, <br><br>      Plaintiff <br><br>      v. <br><br> DISTRICT OF COLUMBIA, *et al.*, <br><br>      Defendants | Civil Action No. 16-645 (CKK) |

**AMENDED SCHEDULING AND PROCEDURES ORDER**
(January 12, 2018)

In order to administer this civil action in a manner fair to the litigants and consistent with the parties' interest in completing this litigation in the shortest possible time and at the least possible cost, it is, this 12th day of January, 2018, hereby

**ORDERED** that the parties are directed to comply with each of the directives set forth in this Order. The Court will hold the parties responsible for following these directives; failure to conform to this Order's directives **may, when appropriate, result in the imposition of sanctions**.

1.      **COMMUNICATIONS WITH THE COURT.** The parties should endeavor to keep communications with Chambers to a minimum. *Ex parte* communications on matters other than scheduling are **strictly prohibited**; if the parties need to contact Chambers, it must be done **jointly** pursuant to a conference call arranged by the parties.

2.      **MOTIONS FOR EXTENSIONS OF TIME AND RE-SCHEDULING OF HEARINGS.** Motions for extensions of time and to re-schedule hearings are strongly discouraged; they will be granted only in truly exceptional or compelling circumstances and parties should not expect the Court to grant extensions. The Court will not entertain or honor stipulations for extensions of time or for the re-scheduling of hearings; parties must file a written motion in accordance with the following instruction:

     (a)      Motions for extensions of time **must be filed at least four (4) business days prior to the first affected deadline**.

     (b)      Motions to continue a hearing **must be filed at least four (4) business days prior to the scheduled hearing**.

     (c)      All motions for extensions of time and for re-scheduling of hearings **must include the following or they will not be considered**:

(i)     The specific grounds for the extension or the re-scheduling of the hearing;

(ii)    The number of previous extensions or continuances, if any, granted to each party;

(iii)   A statement of the impact that the requested extension or continuance would have on all other previously set deadlines;

(iv)    A proposed schedule for any other affected deadlines, to be proposed only after consulting with opposing counsel; and

(v)     A statement of whether or not opposing counsel opposes the motion in accordance with Local Civil Rule 7(m).

3.      **DISCOVERY DISPUTES.**  The parties are referred to Local Civil Rule 26.2 and are expected to fully comply with its directives.  Moreover, counsel are required, under both Federal Rule of Civil Procedure 26(f) and Local Civil Rule 7(m), to confer in good faith in an effort to resolve any discovery dispute before bringing it to the Court's attention.  **The parties shall not file a discovery motion without prior consultation with opposing counsel.**  If, in what should be the unusual case, the parties are unable to resolve their discovery dispute, counsel shall contact Chambers jointly in order to arrange for a telephone conference with the Court.

4.      **DEPOSITIONS.**  Counsel must adhere to the following guidelines when taking a deposition:

(a)     Counsel for the deponent shall refrain from gratuitous comments and from directing the deponent as to times, dates, documents, testimony, and the like;

(b)     Counsel shall refrain from cuing the deponent by objecting in any manner other than stating an objection for the record followed by a word or two describing the legal basis for the objection;

(c)     Counsel shall refrain from directing the deponent not to answer any question except for reasons which conform to Federal Rule of Civil Procedure 30(c)(2);

(d)     Counsel shall refrain from engaging in dialogue on the record during the course of the deposition;

(e)     If counsel for any party or person given notice of the deposition believes that these conditions are not being adhered to, that counsel may call for suspension of the deposition and then immediately apply to the Court for a ruling and remedy.  When appropriate, the Court will impose sanctions;

(f)     All counsel are to conduct themselves in a civil, polite, and professional manner. The Court will not countenance incivility or other behavior during the deposition demonstrating that the examination is being conducted in bad faith or to simply annoy, embarrass, or oppress the deponent; and

(g)     In accordance with Federal Rules of Civil Procedure 30(d)(1), no deposition may last more than seven hours (exclusive of breaks), except by leave of the Court or stipulation of the parties.

5.      **MOTIONS GENERALLY.** Parties must comply with the following instructions when briefing any motion:

(a)     Memoranda of points and authorities filed in support of or in opposition to any motion may not, without leave of the Court, exceed forty-five (45) pages, and reply memoranda may not exceed twenty-five (25) pages, with margins set at one inch and with all text double-spaced (excepting footnotes) and in twelve-point Times New Roman (including footnotes).

(b)     A party may not file a sur-reply without first requesting leave of the Court.

(c)     Where a party fails to file a memorandum of points and authorities in opposition to a given motion, the Court **may treat the motion as conceded**. L. Civ. R. 7(b). Similarly, where a party fails to respond to arguments in opposition papers, the Court may treat those specific arguments as conceded. *Phrasavang v. Deutsche Bank*, 656 F. Supp. 2d 196, 201 (D.D.C. 2009).

(d)     **Exhibits shall be properly edited** to exclude irrelevant material and to direct the Court's attention to the pertinent portions thereof.

(e)     Each submission shall be accompanied by a table of cases and other authorities cited therein.

(f)     Every pleading or paper, regardless of whether it is signed by an attorney or a *pro se* party, shall contain the name, address, telephone number, and, for an attorney, bar identification number. L. Civ. R. 5.1(c).

6.      **MOTIONS FOR SUMMARY JUDGMENT** Parties must comply with the following instructions when briefing motions for summary judgment and the Court may strike papers not in conformity therewith:

(a)     The Court **strictly adheres to the dictates of Local Civil Rule 7(h)**, which requires that each party submitting a motion for summary judgment attach a statement of material facts for which that party contends there is no genuine dispute, with specific citations to those portions of the record

upon which the party relies in fashioning the statement. The party opposing the motion must, in turn, submit a statement enumerating all material facts which the party contends are genuinely disputed and thus require trial. L. Civ. R. 7(h)(1). The parties are strongly encouraged to carefully review *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145 (D.C. Cir. 1996), on the subject of Local Civil Rule 7(h).

(b) The moving party's statement of material facts shall be a short and concise statement, **in numbered paragraphs**, of all material facts as to which the moving party claims there is no genuine dispute. The statement must contain **only one factual assertion in each numbered paragraph**.

(c) The party responding to a statement of material facts must respond to each paragraph with a **correspondingly numbered paragraph**, indicating whether that paragraph is admitted or denied. If a paragraph is admitted only in part, the party must specifically identify which parts are admitted and which parts are denied.

(d) The Court may assume that facts identified by the moving party in its statement of material facts are **admitted**, unless such facts are controverted in the statement filed in opposition to the motion. L. Civ. R. 7(h)(1).

(e) The responding party must include any information relevant to its response in its correspondingly numbered paragraph, with specific citations to the record. However, if the responding party has additional facts that are not directly relevant to its response, it must identify such facts in consecutively numbered paragraphs **at the end** of its responsive statement of facts. **If additional factual allegations are made, the opponent must file a responsive statement of its own.**

(f) The parties must furnish **precise citations** to the portions of the record on which they rely; the Court need not consider materials not specifically identified. Fed. R. Civ. P. 56(c)(1)(A), (c)(3).

7.     **MOTIONS FOR RECONSIDERATION.** Motions for reconsideration of prior rulings are strongly discouraged. Such motions shall be filed only when the requirements of Federal Rules of Civil Procedure 54(b), 59(e), and/or 60(b) are met. If such a motion is filed, it **shall not exceed ten (10) pages in length**. Moreover, the Court will not entertain: (a) motions which simply reassert arguments previously raised and rejected by the Court; or (b) arguments which should have been previously raised, but are being raised for the first time. *Fielding v. BT Alex Brown*, 116 F. Supp. 2d 59, 65 (D.D.C. 2000). Motions not in compliance with these instructions may be stricken.

8.     **COURTESY COPIES.** The parties shall deliver one (1) courtesy copy of any

submission that is over twenty-five (25) pages in length—including all attachments and separate documents—or that includes more than one (1) exhibit to the Court Security Officer at the loading dock located at Third and C Streets (not the Clerk's Office or Chambers).  Courtesy copies shall be appropriately bound and tabbed for ease of reference.

9.      **SETTLEMENT.**  The parties are expected to evaluate their respective cases for purposes of settlement.  The Court encourages the use of alternative dispute resolution—*e.g.*, mediation or neutral case evaluation.  The use of these methods is available at any time, as is a settlement conference before a magistrate judge.  If counsel are interested in pursuing these options, they may contact Chambers at any time.  If the case settles in whole or in part, counsel shall **promptly** advise the Court.

10.      **APPEARANCES AT HEARINGS.**  Principal trial counsel must appear at all hearings unless excused by the Court in advance.

It is **FURTHER ORDERED** that the parties shall adhere to the following schedule:

(a)      Plaintiff has filed a motion to amend her complaint.  Defendants' response is due on or before **January 15, 2018**.  Plaintiff's reply is due on or before **January 19, 2018**.

(b)      **Proponent's Rule 26(a)(2)(B) & (C) Disclosures** shall be due on or before **February 26, 2018**; with the **Opponent's Rule 26(a)(2)(B) & (C) Disclosures** due on or before **March 23, 2018**; and **replies**, if any, due on or before **May 18, 2018**.

(c)      **All discovery shall be completed, and all discovery-related motions filed** (motions to compel, motions to quash, motions for sanctions under Fed. R. Civ. P. 37, etc.) on or before **June 8, 2018**.

(d)      Each party is limited to a maximum of 10 depositions and 25 interrogatories, document requests, and admissions.

(e)      This action shall be referred to **Magistrate Judge Alan Kay** for mediation to commence on **March 16, 2018** and to conclude on or before **May 11, 2018**.  Counsel and the parties, including persons with settlement authority, shall attend each mediation session.  If referred to a magistrate judge, the Court shall issue a separate order in connection with this referral; if referred to the Court's ADR program, the Clerk of the Court shall furnish a copy of this Order to the Circuit Executive's Office for the

purpose of assigning a mediator.

(f)      The next **Status Hearing** is hereby set for **June 8, 2018**, at **10:00 a.m.**

The Status Hearing previously scheduled for April 27, 2018 is

**VACATED**.

Additional dates will be set as necessary.  The dates identified above are firm; the Court has granted the parties' motions for extensions and given them a very generous schedule that they have requested and expects that they will adhere to that schedule.

**SO ORDERED.**

Date:   January 12, 2018                    _____/s/_____

**COLLEEN KOLLAR-KOTELLY**
United States District Judge

6