## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| XINGRU LIN,<br>          Plaintiff<br><br>          v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br>          Defendants | Civil Action No. 16-645 (CKK) |

### MEMORANDUM OPINION
(September 30, 2020)

Plaintiff, a bus company ticketing agent, claims that the District of Columbia

Metropolitan Police Department ("MPD") violated her rights in various ways during multiple

incidents, occurring February 15, 2016 and April 12, 2016. On June 30, 2020, the Court issued a

Memorandum Opinion and Order granting Defendants summary judgement on all of Plaintiff's

claims, except for her Count 1 claim for wrongful arrest under 42 U.S.C. § 1983 relating to her

February 15, 2016 arrest for assault on a police officer ("APO"), her Count 2 claim for false

arrest relating to the same incident, and her Count 9 claim for respondeat superior relating to the

same incident. ECF Nos. 111, 112. The Court adopts and incorporates and makes a part of this

Memorandum Opinion that previous ruling.

On July 28, 2020, Defendants moved for reconsideration of the Court's decision not to

grant summary judgment on those three claims relating to Plaintiff's February 15, 2016 arrest for

an APO. ECF No. 113. Upon consideration of the pleadings,[1] the relevant legal authorities, and

---

[1] The Court's consideration has focused on the following documents:
- Defs.' Rule 54(b) Mot. to Revise the Court's Order Granting in Part Defs.' Mot. for Summary Judgment ("Defs.' Mot."), ECF No. 113;
- Pl.'s Mem. of Law in Opp'n to Defs.' Rule 54(b) Mot. to Revise the Court's Order Granting in Part and Denying in Part Defs,' Mot. for Summary Judgment ("Pl.'s Opp'n"), ECF No. 115; and
- Defs.' Reply to Pl.'s Opp'n to Defs.' Rule 54(b) Mot. to Revise the Court's Order Granting in Part Defs.' Mot. for Summary Judgment ("Defs.' Reply"), ECF No. 119.

the record as a whole, the Court will GRANT Defendants' Motion. The Court concludes that its prior determination that Defendants maintained probable cause to arrest Plaintiff for simple assault on February 15, 2016 is also dispositive of Plaintiff's claims relating to wrongful or false arrest for an APO during that same incident.

## I.   LEGAL STANDARD

Under Rule 54, when "an action presents more than one claim for relief," a court order that "adjudicates fewer than all the claims … does not end the action as to any of the claims … and may be revised at any time before entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). "The Court has broad discretion to hear a motion for reconsideration brought under Rule 54(b)." *Flythe v. DC*, 4 F. Supp. 3d 216, 218 (D.D.C. 2014) (quoting *Isse v. Am. Univ.*, 544 F. Supp. 2d 25, 29 (D.D.C. 2008)). "[T]his jurisdiction has established that reconsideration is appropriate 'as justice requires.'" *Lyles v. DC*, 65 F. Supp. 3d 181, 188 (D.D.C. 2014) (quoting *Cobell v. Norton*, 355 F. Supp. 2d 531, 540 (D.D.C. 2005)). However, there are limits to a court's discretion under Rule 54(b) as "once the parties have 'battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Hispanic Affairs Project v. Perez*, 319 F.R.D. 3, 6 (D.D.C. 2016) (quoting *Wannall v. Honeywell Int'l, Inc.*, 292 F.R.D. 26, 30-31 (D.D.C. 2013)), *aff'd sub nom. Wannall v. Honeywell, Inc.*, 775 F.3d 425 (D.C. Cir. 2014)).

Plaintiff contends that the Court should not consider Defendants' Motion to revise because "a court will reconsider a judgment under Rule 54(b) when it has 'patently misunderstood a party,' 'made an error not of reasoning but of apprehension, or where a

---

In an exercise of its discretion, the Court finds that holding oral argument in this action would not be of assistance in rendering a decision.  *See* LCvR 7(f).

2

controlling or significant change in the law or facts since the submission of the issue to the Court.' … None of this is the case here[.]" ECF No. 115, 2 (quoting *Arthur v. DC Housing Auth.*, 2020 WL 3869725, at *2 (D.D.C. July 8, 2020)). However, the Court finds that Plaintiff's standards for relief under Rule 54 are overly restrictive. District courts have discretion to hear motions for reconsideration "as justice requires." *Capitol Sprinkler Inspection, Inc. v. Guest Services, Inc.*, 630 F.3d 217, 227 (D.C. Cir. 2011) (internal quotation marks omitted); *see also Greene v. Union Mut. Life Ins. Co. of Am.*, 764 F.2d 19, 22-23 (1st Cir.1985) (Breyer, J.) ("the district judge is in the best position to assess whether or not 'justice requires' [reconsideration]"). The Court finds that "as justice requires" is not limited to the discrete circumstances laid out by Plaintiff.

Here, exercising its discretion, the Court finds that justice requires the reconsideration of its prior decision. Defendants have brought to the Court's attention a meritorious legal issue which was not adequately presented in the original briefing and was accordingly not rejected in the Court's prior opinion. The Court cautions Defendants that this legal theory should have been more clearly presented in the original briefing. The Court nevertheless finds that justice requires its consideration.

## II.   DISCUSSION

As was previously explained, in its prior Memorandum Opinion, the Court granted Defendants summary judgment on all of Plaintiff's remaining claims except for her Count 1 claim for wrongful arrest under 42 U.S.C. § 1983 relating to her February 15, 2016 arrest for an APO, her Count 2 claim for false arrest relating to the same incident, and her Count 9 claim for respondeat superior relating to the same incident. ECF Nos. 111, 112. In their Motion to revise, Defendants contend that the Court should reconsider its denial of summary judgment on these

claims based on the fact that the Court previously found that Defendants maintained probable cause to arrest Plaintiff for simple assault during the same interaction on February 15, 2016. The Court agrees.

In granting Defendants summary judgment for Plaintiff's wrongful and false arrest claims arising out of her arrest for simple assault on February 15, 2016, the Court held that "there are no material disputes of fact and . . . no reasonable jury could find that the officers did not have probable cause to arrest Plaintiff for simple assault." ECF No. 112, 14. The Court further held that material disputes of fact precluded the Court from finding that Defendants had probable cause to arrest Plaintiff for APO that same day. *Id*. at 15-18.

However, where there is probable cause to arrest an individual for any offense, a plaintiff cannot establish a claim for false arrest even if there was not probable cause for the charge on which the individual was actually arrested. In *Harris v. U.S. Dept. of Veterans Affairs*, 776 F.3d 907 (D.C. Cir. 2015), the United States Court of Appeals for the District of Columbia Circuit stated that "probable cause may exist 'to arrest for any offense, even if it differs from the offense for which the arrest was actually made.'" 776 F.3d at 913 (quoting *Enders v. District of Columbia*, 4 A.3d 457, 469 (D.C. 2010)) (denying false arrest claim where there was probable cause to arrest the plaintiff for multiple offenses, even though he was not charged with those offenses); *see also United States v. Bookhardt*, 277 F.3d 558, 565 (D.C. Cir. 2002) (explaining that "even if probable cause does not support arrest for the offense charged by the arresting officer, an arrest . . . is nonetheless valid if the same officer had probable cause to arrest the defendant for another offense"). Other circuits have taken similar approaches to this legal issue. For example, the United States Court of Appeals for the Ninth Circuit recently explained that "arguable probable cause as to any one offense is sufficient to defeat § 1983 claims for other

Fourth Amendment violations, including false arrest." *Paez v. Mulvey*, 915 F.3d 1276, 1285 (9th Cir. 2019); *see also Barry v. Fowler*, 902 F.2d 770, 773 n.5 (9th Cir. 1990) (explaining that where an individual was arrested once for two crimes, it mattered only whether there was probable cause to arrest the individual for one of the crimes). Similarly, the United States Court of Appeals for the Eleventh Circuit has explained that "[t]he validity of an arrest does not turn on the offense announced by the officer at the time of the arrest." *Bailey v. Bd. of Cty. Comm'rs of Alachua Cty.*, 956 F.2d 1112, 1119 n.4 (11th Cir. 1992); *see also Allen v. City of New York*, 480 F. Supp. 2d 689, 715 (S.D.N.Y 2007) (explaining that "where a defendant is arrested … for multiple crimes, … the arrest might have been lawful because the police had probable cause to believe the defendant had committed at least *one* of those crimes"). Plaintiff does not dispute this legal truism and cites to no authority holding that where an individual is arrested on multiple charges, officers are required to have had probable cause for each of the charges.

Instead, Plaintiff contends that "two arrests occurred that day [February 15, 2016]." ECF No. 115, 6. Plaintiff argues that she was first arrested for "simple assault when officers handcuffed her after talking with Ms. [Yokasty] Rodriguez … However, after Defendant [John] Merzig reviewed the CCTV footage from the bus station, he determined that Plaintiff was not the primary aggressor and removed her handcuffs. At this point, Plaintiff was no longer under arrest, presumably because Defendants no longer had probable cause to believe she had committed simple assault. Then, after reviewing the footage of the first arrest, Defendants placed Plaintiff under arrest a second time, this time for APO." *Id*. According to Plaintiff, because there were two arrests on February 15, 2016, the fact that Defendants had probable cause for the offense of simple assault does not prevent Plaintiff from bringing claims relating to her second arrest for an APO.

The Court disagrees and finds that the events of February 15, 2016 constituted one arrest for two charges. Plaintiff is correct that, after initially handcuffing her for simple assault, Defendants removed her handcuffs. However, the removal of Plaintiff's handcuffs did not indicate that her arrest was terminated. Plaintiff speculates that her handcuffs were removed because Defendants "no longer believed they had probable cause to place her under arrest for simple assault." ECF No. 115, 6. However, Plaintiff provides no support for such speculation.

While Plaintiff cited no such evidence, the Court's own review of the video exhibits showed some indications that, after reviewing the CCTV footage of Plaintiff's interaction with Ms. Rodriguez outside the ticketing station, Defendants considered releasing Plaintiff. However, Defendants never told Plaintiff that she was free to leave after removing her handcuffs. Nor did Defendants give any other indication that the arrest had terminated. In fact, after Plaintiff's handcuffs had been removed, in one of the videos an officer can be heard saying, "she's really not free to roam around, is she? … she can't be roaming." Defs.' Ex. 2, 28: 27. Such a statement indicates that Plaintiff remained under arrest and was not free to leave.

And, the undisputed fact that Plaintiff was ultimately charged with both simple assault and an APO is further evidence that her initial arrest for simple assault was never terminated. After reviewing his notes and watching the body-worn camera footage, Defendant Corey Vullo prepared the arrest report. ECF No. 106-11, Ex. 11, 132: 8-13. The arrest report shows a charge for simple assault and an APO. ECF No. 106-1, Ex. 1. There is only one "arrest date/time" listed as February 15, 2016 at 22:30. *Id*. The "disposition date" for both offenses is February 16, 2020 at 5:53. *Id*. And, in the statement of facts, the report explicitly states that Plaintiff "was placed under arrest for Simple Assault and APO." *Id*.

6

Moreover, Plaintiff misses a crucial point in her argument that after Defendant Merzig reviewed the CCTV footage there was no longer probable cause for simple assault. When Defendants watched the CCTV footage, they were witnessing Plaintiff's interactions with Ms. Rodriguez outside the ticketing office. Watching this interaction, Defendants determined that Plaintiff was not the primary aggressor and decided that Ms. Rodriguez would also be arrested. However, the fact that Plaintiff was not the primary aggressor during her interactions with Ms. Rodriguez outside the ticketing office is not dispositive of whether or not there was probable cause to arrest Plaintiff for assault. And, importantly, Plaintiff was not arrested based on her interaction with Ms. Rodriguez outside the ticketing office. Instead, Plaintiff was arrested and charged with assault based on her interactions with Ms. Rodriguez "on the bus" where "Ms. Rodriguez claimed [Plaintiff] had scratched her face with her nails." ECF No. 106-11, Ex. 11, 132: 14-133: 4. Thus, while the CCTV footage may have shown that Plaintiff was not the primary aggressor outside the ticketing office and that Ms. Rodriguez should also be arrested for assault, the CCTV footage had no effect on the existence of probable cause for simple assault on the bus.

The Court further notes that, even if after watching the CCTV footage outside the ticketing office Officer Merzig believed that there was not probable cause for simple assault, Officer Merzig's personal belief is not determinative. The analysis of probable cause is an objective analysis, and Officer Merzig's subjective beliefs about the assault are not dispositive of the probable cause analysis. *See Bookhardt*, 277 F.3d at 565 (explaining that "the existence of probable cause must be determined objectively from the facts and circumstances known to the officers at the time of the arrest without regard to the 'actual motivations' or '[s]ubjective intentions' of the officers involved"). The Court has previously determined that, based on Ms.

Rodriguez's statements about her interaction with Plaintiff on the bus and on the visible scratch marks on Ms. Rodriguez's face, there was probable cause to arrest Plaintiff for simple assault. ECF No. 112, 14-15. Officer Merzig's possible subjective belief after watching CCTV footage from outside the ticketing office does not change the objective finding of probable cause for simple assault.

For these reasons, the Court concludes that Plaintiff may not raise claims for false or wrongful arrest arising out of her February 15, 2016 arrest for an APO. The fact that Defendants had probable cause to arrest Plaintiff for simple assault means that Plaintiff cannot proceed on a claim of false or wrongful arrest for the APO charge stemming from the same arrest. The Court GRANTS Defendants summary judgment on the only remaining claims in this case—Plaintiff's Count 1 claim for wrongful arrest under 42 U.S.C. § 1983 relating to her February 15, 2016 arrest for an APO, her Count 2 claim for false arrest relating to the same incident, and her Count 9 claim for respondeat superior relating to the same incident.

## III.    CONCLUSION

In conclusion, the Court GRANTS Defendants' Motion to revise the Court's original Order. The Court finds that summary judgement is appropriate for Plaintiff's Count 1 claim for wrongful arrest under 42 U.S.C. § 1983 relating to her February 15, 2016 arrest for an APO, her Count 2 claim for false arrest relating to the same incident, and her Count 9 claim for respondeat superior relating to the same incident. As no claims remain, this case is DISMISSED.

An appropriate Order accompanies this Memorandum Opinion.


                                        /s/
                                     COLLEEN KOLLAR-KOTELLY
                                     United States District Judge