**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| XINGRU LIN,<br>    Plaintiff<br>v.<br>DISTRICT OF COLUMBIA, *et al.*,<br>    Defendants | Civil Action No. 16-645 (CKK) |

**MEMORANDUM OPINION**
(December 16, 2020)

On December 14, 2020, Plaintiff filed a [125] Motion for Leave to Appeal *In Forma Pauperis*. Plaintiff seeks leave of this Court to proceed *in forma pauperis* in her appeal of the Court's orders granting Defendant's motions for reconsideration and for summary judgment, ECF Nos. 111, 120. For the reasons set forth below, the Court shall DENY without prejudice Plaintiff's motion.

Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the Court. *Nyabwa v. Trump*, 2017 WL 6311557, at * 1 (D.D.C. Jan. 10, 2017) (citing *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir.), *cert. denied*, 488 U.S. 941 (1988); *Weller v. Dickson,* 314 F.2d 598, 600 (9th Cir.), *cert. denied*, 375 U.S. 845 (1963)). "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Id.* (citing *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, *1 (E.D. Pa. Apr. 18, 2006), *appeal dismissed*, 2006 WL 3038596 (3d Cir. Oct. 26, 2006)). An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But the applicant should demonstrate that because of poverty, she cannot "pay or give security for the costs . . . and still be able to provide [for] the necessities of life." *McKelton v.*

1

*Bruno*, 428 F.2d 718, 719 (D.C. Cir. 1970) (internal quotation marks omitted).  "If it appears that an applicant's access to court has not been blocked by [her] financial condition," but rather that "[s]he is merely in the position of having to weigh the financial constraints posed if [s]he pursues h[er] position against the merits of his case, then a court properly exercises its discretion to deny the application." *Jefferson v. Am. Home Mortg. Serv., Inc.*, 2013 WL 12157577, at *1 (D.D.C. Mar. 11, 2013) (internal citations and quotation marks omitted).

      Here, Plaintiff indicates that her average monthly income during the past 12 months is over $8,700 and her spouse's monthly income is over $13,300.[1]  Plaintiff also indicates that she has $5,000 in a checking account, as well as vehicle worth $5,000.  In addition, her expenses are modest and she lists no extraordinary debt or expenses incurred beyond her control.  However, there are a number of disparities on Plaintiff's form that confuse the record.  For example, in Section 1, Plaintiff lists $3,600 as her average monthly income from her employer, but in Section 2, she indicates that her "gross monthly pay" from her employer is $1,200.  And despite listing both figures as income derived from employment, Plaintiff also lists over $5,000 in "unemployment payments" and indicates that she expects to earn $0 in income next month.  Plaintiff also lists her spouse's expected income as $0 for next month, despite his income deriving solely from disability payments and retirement funds.  Accordingly, Plaintiff's and her spouse's current employment status and expected future income is unclear from the present record.

---

[1] It appears that Plaintiff filed *pro se* her Motion for Leave to Appeal *In Forma Pauperis*.  The application form completed by Plaintiff directs movants to estimate their "average *monthly* income."  *See* Pl.'s Mot. at 3, No. 1 (emphasis added).  Based on Plaintiff's indication that she received $1,200 per month from her employer, the Court recognizes that Plaintiff may have listed her *annual* income in Section 1 of the form.  Accordingly, the Court shall deny Plaintiff's motion without prejudice to re-file.

Based on the current record, the Court shall DENY without prejudice Plaintiff's Motion for Leave to Appeal *In Forma Pauperis*. An appropriate Order accompanies this Memorandum Opinion.

                                                             /s/
                                                   COLLEEN KOLLAR-KOTELLY
                                                   United States District Judge