UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

XINGRU LIN,
    Plaintiff

v.

DISTRICT OF COLUMBIA, *et al.*,
    Defendants

Civil Action No. 16-645 (CKK)

**MEMORANDUM OPINION**
(December 28, 2020)

On December 18, 2020, Plaintiff filed a second [128] Motion for Leave to Appeal *In Forma Pauperis*.[1] Plaintiff seeks leave of this Court to proceed *in forma pauperis* in her appeal of the Court's orders granting Defendant's motion for reconsideration and for summary judgment, ECF Nos. 111, 120. For the reasons set forth below, the Court shall GRANT Plaintiff's motion.

Whether to permit or deny an application to proceed *in forma pauperis* is within the sound discretion of the Court. *See Nyabwa v. Trump*, 17-mc-00058, 2017 WL 6311557, at * 1 (D.D.C. Jan. 10, 2017) (citing *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir.1988), *cert. denied,* 488 U.S. 941 (1988); *Weller v. Dickson,* 314 F.2d 598, 600 (9th Cir.1963), *cert. denied,* 375 U.S. 845 (1963)). "[C]ourts will generally look to whether the person is employed, the person's annual salary, and any other property or assets the person may possess." *Id.* (citing *Schneller v. Prospect Park Nursing and Rehab. Ctr.,* No. 06–545, 2006 WL 1030284, *1 (E.D. Pa. Apr. 18, 2006), *appeal dismissed,* No. 06-3067, 2006 WL 3038596 (3d Cir. Oct. 26, 2006)). An individual need not "be absolutely destitute to enjoy the benefit of the [IFP] statute." *Adkins*

---

[1] Plaintiff filed her first [125] Motion for Leave to Proceed *In Forma Pauperis* on December 14, 2020, which the Court denied with prejudice due to "disparities on Plaintiff's form that confuse the record." Mem. Op at 2, ECF No. 127; *see* Order, ECF No. 126.

1

*v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But a party should demonstrate that because of poverty, the party cannot "pay or give security for the costs . . . and still be able to provide [for] the necessities of life." *Id.* at 719-20 (internal quotation marks omitted). "If it appears that an applicant's access to court has not been blocked by his financial condition," but rather "[s]he is merely in the position of having to weigh the financial constraints posed if [s]he pursues h[er] position against the merits of his case, then a court properly exercises its discretion to deny the application." *Jefferson v. Am. Home Mortg. Serv., Inc.*, No. 12-911 (BAH), 2013 WL 12157577, at *1 (D.D.C. Mar. 11, 2013) (internal citations and quotation marks omitted).

Plaintiff has clarified some of the discrepancies noted in the Court's [127] Memorandum Opinion denying without prejudice her first Motion to Proceed *In Forma Pauperis*. Plaintiff now clarifies that her average monthly income over the past 12 months is $872 and her spouse's average monthly income is $875. Plaintiff also indicates that she expects to make $572 next month and her spouse expects to make $875 from disability payments (which Plaintiff indicates her spouse has received since May 2019). She lists approximately $1,615 in monthly household expenses. Plaintiff further notes that her employment by Hualian Bus Company ended on February 28, 2020 because "the bus company could not operate under COVID." Pl.'s Mot. at 7. Plaintiff owns a vehicle worth $5,000 and has $5,000 in a bank account. Plaintiff also added to her second motion that she has two dependent sons, aged 17 and 15, who rely on her for support. Plaintiff notes that one of her sons is planning to attend college next year and her savings are for his college expenses.

Considering that Plaintiff is unemployed, supports two dependent children, and her modest monthly expenses exceed her and her spouse's expected monthly income, the Court shall

GRANT Plaintiff's Motion for Leave to Appeal *In Forma Pauperis*. An appropriate Order accompanies this Memorandum Opinion.

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge